Western Dis.    *DEJEAN'S SYNDICS* vs. *MARTIN'S HEIRS.*
Sept. 1828.

The surety
on a twelve
months bond
cannot compel the obligor to proceed against
the land sold,
if the obligee's wife
has obtained
an injunction, which he
unsuccessfully attempted
to have dissolved.

APPEAL from the court of the fifth district—the judge of the seventh presiding.

MARTIN, J. delivered the opinion of the court. The defendants are sued on a twelve months' bond, on which their ancestor was surety for Rees: they pleaded the plaintiffs were first to proceed against the tract of land purchased by their ancestor's principal, and specially mortgaged for the payment of the bond.

The plea was sustained, and the plaintiffs appealed.

The appellants' counsel shew that, at the trial, he introduced the record of the suit of *Dejean* vs. *Rees*, in which the land referred to was exposed to sale on a *fi. fa.* issued on the twelve-months' bond, and the sale stopped by a writ of injunction. 2. The record of a suit instituted against Rees, by his wife, in which she obtained a writ of injunction to prevent the sale of her property by some of his creditors, other than the appellants, or their insolvent, in which suit she was nonsuited. 3. The record of another suit between the same parties, in which she obtained a writ of injunction to prevent the sale of the premises, at the suit

of the insolvent, which injunction was after-
wards maintained, notwithstanding the oppo-
sition of the appellants.

Western Dis
*Sept.* 1828

DEJEAN'S
SYNDICS
*vs.*
MARTIN'S
HEIRS.

Brownson deposed he was employed by the
appellants to procure the dissolution of the
injunction obtained by the wife: that in the
first suit, being also employed by another cre-
ditor, he made opposition in his name, think-
ing it useless to act in that of the appellant's
also, as a successful issue on the opposition
would inure to their benefit: in the latter suit
he acted in the name of the appellants.

We think the district court erred. The
property pointed out to be discussed, having
been claimed by the wife, who obtained an
injunction to prevent its sale, the plaintiffs were
relieved from the obligation of discussing pro-
perty then in litigation. *Civ. code,* 3016.

It is, therefore, ordered, adjudged, and de-
creed, that the judgment be annulled, avoided,
and reversed, and the case remanded for fur-
ther proceedings: the appellee paying costs in
this court.

*Lesassier* and *Bowen* for the plaintiffs—
*Brownson* for the defendants.